**JAMES E. JOHNSON**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MONALIZA SEEPERSAUD**
*Assistant Corporation Counsel*
Labor and Employment Law Division
Phone: (212) 356-0839
mseepers@law.nyc.gov

January 6, 2020

<u>Via ECF</u>
Honorable William F. Kuntz, II
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Antrobus v. City of New York and New York City Department of Sanitation</u>
       19-CV-06277 (WFK) (LB)

Dear Judge Kuntz:

  I am an Assistant Corporation Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York representing Defendants in the above-referenced matter. In accord with Your Honor's Individual Practices, I write to request a pre-motion conference to seek leave to move to dismiss Plaintiff's Amended Complaint ("Amended Complaint") in its entirety, and to stay discovery pending the resolution of Defendant's anticipated motion to dismiss.

  Plaintiff originally brought this matter in state court as an article 78 proceeding. In response to the DSNY's cross-motion to dismiss the petition, Plaintiff filed an amended complaint asserting a claim pursuant to Title VII of the Civil Rights Act of 1964. <u>See</u> ECF Dkt. No. 1, Attachment #2. Defendants then removed the action to this Court. <u>See</u> ECF Dkt. No. 1. Plaintiff claims that Defendants discriminated and retaliated against him on the basis of gender in violation of Title VII when they did not select him for promotion from a civil service list for the position of Computer Associate (Technical Support). As set forth below, Defendants assert that the Amended Complaint must be dismissed.

**A. Plaintiff Fails To Plausibly Allege That He Was Discriminated Against Because Of His Gender Or Retaliated Against In Violation Of Title VII**

  Plaintiff's sex discrimination and retaliation claims are without merit and should be dismissed. Discrimination claims are analyzed under the burden-shifting framework developed in <u>McDonnell Douglas</u>. <u>See</u> <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 312 (2d Cir. 2015). Moreover, to survive a motion to dismiss, Plaintiff must allege facts that plausibly support the elements of a Title VII claim: "that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." <u>Littlejohn</u>, 795 F.3d at 311. In <u>Iqbal</u>, the Supreme Court explained the plausibility standard by stating that, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). In applying this standard, the Court accepts as true all well-pleaded factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements for a cause of action." Iqbal, 556 U.S. at 662, citing, Twombly, 550 U.S. at 555.

Here, the Amended Complaint fails to state a claim under Title VII for sex discrimination because, aside from wholly conclusory allegations, it does not set forth any facts suggesting that Defendants were motivated by discriminatory animus on the basis of sex. The Amended Complaint largely relies on conclusory and speculative allegations including, but not limited to: "DSNY's HR-payroll department runs [sic] by two female employees, Nancy Reilly, HR-Director and Kisha Shrouder, HR-Deputy Director both of whom given [sic] or continue to give preferential treatments to their female employees. . .Petitioner alleges that both Nancy Reilly and Kisha Shrouder are filling their quotas, female employees only"; "Petitioner believes that the respondents are being bias [sic] towards him and set out to ruin his career"; "Petitioner alleges that respondents are motivated by hate"; "The respondents are notorious liars who will lie to get what they want. . .Petitioner alleges that the respondents cannot be trusted." Plaintiff presents no evidence of discriminatory animus, and makes statements such as those above which rely on his own speculation. Such unsupported claims are speculative and conclusory and are not enough to raise a right to relief. See Twombly, 550 U.S. at 555.

Moreover, to the extent that Plaintiff attempts to make a claim of retaliation, this claim should also be dismissed. Plaintiff merely states that he "fears that respondents will retaliate against him because of numerous complaints he filed with the SDHR in the past." His claim, however, is again wholly speculative and conclusory, and cannot survive a motion to dismiss.

**B.     The New York City Department Of Sanitation Is Not A Suable Entity**

Section 396 of the New York City Charter provides that "all actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." NYC Charter 396. Accordingly, as an agency of the City of New York, the Department of Sanitation of the City of New York is not a suable entity and must be dismissed from the action. See Romero v. City of New York, 16-CV-4157 (BMC), 2016 U.S. Dist. LEXIS 146160 *9 (E.D.N.Y. Oct. 21, 2016); see also Fahey v. City of New York, 10-CV-4609 (ILG) (MDG), 2012 U.S. Dist. LEXIS 15104 *12 (E.D.N.Y. Feb. 7, 2012).

For the foregoing reasons, defendants respectfully request that the Court hold a pre-motion conference. Thank you for your consideration of this request.

                                                Respectfully submitted,

                                                ***/s/ Monaliza Seepersaud***
                                                Monaliza Seepersaud
                                                Assistant Corporation Counsel

cc:    Andre K. Antrobus (by First Class Mail)
        Plaintiff Pro Se
        97 Greenwood Lane
        White Plains, NY 10607
        (914) 548-5302
        andreantrobus@msn.com