UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ANDRE K. ANTROBUS,

            Plaintiff,

   -against-                          **MEMORANDUM AND ORDER**
                                                  19-CV-6277 (RPK) (LB)

CITY OF NEW YORK and NEW YORK
CITY DEPARTMENT OF SANITATION,

            Defendants.

-------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Andre K. Antrobus brought an action under Title VII in state court against the City of New York and the New York City Department of Sanitation, alleging that defendants discriminated against him on the basis of sex. His amended complaint asserts disparate treatment and retaliation claims arising from defendants' failure to promote him as a computer associate.

      Defendants removed the action to federal court, and they now move for a partial dismissal. That motion is granted. All claims against the New York City Department of Sanitation are dismissed with prejudice. All claims against the City of New York based on alleged discriminatory or retaliatory acts before November 17, 2017 are also dismissed with prejudice. Further, I dismiss without prejudice plaintiff's claim that defendants retaliated against him each time they failed to promote him to computer associate. Plaintiff's claims of disparate treatment based on acts taken on or after November 17, 2017 may proceed against the City of New York.

## BACKGROUND

      The following factual allegations are taken from the complaint and documents incorporated in the complaint by reference. Plaintiff's papers opposing the motion to dismiss have also been

1

considered when helpful to clarify the pleadings. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013); *Milano v. Astrue*, 05-CV-6527, 2007 WL 2668511, at *2 (S.D.N.Y. Sept. 7, 2007).

### A.    Factual Background

Andre K. Antrobus is a black man of West Indian descent. *See* Compl. at 1 (Dkt. #1-2); Pl.'s Affirmation in Opp'n to Defs.' Partial Mot. to Dismiss ("Opp'n") ¶ 2 (Dkt. #16). In 2001, he started working as a clerical associate for the New York City Department of Sanitation ("DSNY"). *See* Opp'n ¶¶ 1, 3. Not long after, he began to experience "racism and national origin-based discrimination from [his] coworkers and supervisors, including but not limited to derogatory name-calling and unwarranted discipline and payroll deductions." Opp'n ¶ 5. In 2011, Mr. Antrobus sued DSNY under Title VII of the Civil Rights Act of 1964. *See Antrobus v. City of New York*, 11-CV-5434, 2016 WL 5390120, at *1 (E.D.N.Y. Sept. 26, 2016). In 2016, Judge Amon adopted a report and recommendation granting summary judgment to DSNY. *Id.* at *2.

Since then, plaintiff alleges that DSNY has "blacklisted [him] from further promotion" in "retaliation for having sued." Opp'n ¶ 6. He alleges that he has "not received a single promotion" even though he has "applied for multiple promotions since [his] race discrimination case ended" in 2016. *Id.* ¶ 8. He blames in part Teresa Neal for these decisions. *See id* ¶ 7. Ms. Neal, the current Director of DSNY's Office of Equal Employment Opportunity, allegedly "knows about [his] 2011 lawsuit and has maintained a long-time grudge against [him]." *Ibid.* He also blames Director Nancy Reilly and Deputy Director Kisha Shrouder, who work in DSNY's human resources department, alleging that they prefer "promoting females over males." *Id.* ¶ 28.

Specifically, plaintiff alleges that defendants DSNY and the City of New York discriminated against him on the basis of sex when they failed to promote him to computer associate. *See id.* ¶ 31. In 2016, plaintiff took the relevant civil service exam, and he received a perfect score. *See id.* ¶¶ 12, 18. He also had a bachelor's degree in Computer Information Systems

2

from Baruch College, and his colleagues relied on him for help with their information technology problems. *See id.* ¶¶ 4, 13. Plaintiff alleges that he was more qualified for the promotion than the other six candidates who took the exam—all women. *See id.* ¶ 14, 15.

Plaintiff alleges that he was not promoted because he was a man. In October 2017, the Department of Citywide Administrative Service ("DCAS") published a ranked list of those who had passed the exam. *See id.* ¶ 17. Plaintiff ranked third behind Tamara Catala and Eleanor Hicks. *See id.* ¶ 20. Plaintiff expected this list to dictate the order of promotions. *See id.* ¶ 21. Accordingly, he expected "to be promoted based on [this] third-place ranking." *Ibid.*

But DSNY revised the list to make more female employees eligible for promotion. In December 2017, DSNY circulated a second list of eligible employees. *See id.* ¶ 22. This time, Vivian Chan replaced Tamara Catala as the first-ranked employee, with Eleanor Hick in second, and plaintiff in third. *See id.* ¶ 23. Behind them, three more women were added to the list: Carolyn Ho, Kendra Ellis, and Mei Hang Guo. *See id.* ¶ 26. Tamara Catala, previously the first-ranked eligible employee, was removed from the list entirely. *See id.* ¶ 23.

DSNY then promoted several women to computer associate but not plaintiff. First, DSNY promoted Tamara Catala even though she had not been on the most recent list of employees eligible for the position. *See id.* ¶ 25. Plaintiff alleges that Ms. Catala was not in fact eligible for promotion at all because she "had only worked as a provisional, not permanent, employee . . . for a few months at the time of the exam." *Id.* ¶ 27. Next, around July 2018, defendants promoted Vivian Chan and Eleanor Hicks. *See id.* ¶ 29. After that, around September 2018, defendants promoted two other women, including Carolyn Ho. *See id.* ¶ 30. Defendants had not promoted plaintiff at the time that plaintiff filed his complaint. *See* Compl. at 14. Plaintiff alleges that he "was passed over [for] promotion . . . based on illegal sex-based discrimination." Opp'n ¶ 31.

3

### B. Procedural History

On September 13, 2018, plaintiff filed a charge of sex-based discrimination with the New York State Division of Human Rights. *See id.* ¶ 32. During proceedings, defendants produced a third list of employees eligible for promotion. *See id.* ¶ 38. This list included three additional candidates—all men. *See ibid.* Plaintiff alleges that defendants prepared this list to cover up their discrimination. *See id.* ¶ 39. On March 18, 2019, the State Division of Human Rights issued a letter finding "no probable cause" to support plaintiff's discrimination charge. *See id.* ¶ 44.

On July 26, 2019, plaintiff filed a timely notice of petition and verified petition in the Supreme Court of the State of New York, Kings County. *See* Notice of Removal ¶ 1 (Dkt. #1). On October 10, 2019, plaintiff amended this complaint. *See id.* ¶ 2. The amended complaint named as defendants the City of New York and the New York Department of Sanitation. *See* Compl. at 1. The amended complaint can be read to assert disparate treatment and retaliation claims under Title VII of the Civil Rights Act of 1964. *See id.* at 13-14.

On November 6, 2019, defendants removed the action to this Court. *See* Notice of Removal at 3. On March 30, 2020, defendants moved to partially dismiss the complaint under Rule 12(b)(6) for failure to state a claim. *See* Notice of Mot. to Partially Dismiss the Compl. at 1 (Dkt. #12). Defendants do not contest that plaintiff has stated a claim of disparate treatment based on sex against the City of New York arising from decisions after November 17, 2017 to promote other employees. But defendants seek to dismiss all claims against the New York City Department of Sanitation; all claims based on discriminatory or retaliatory acts before November 17, 2017; and all retaliation claims against the City of New York.

### STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

4

*Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679.

Plaintiff is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Ibid.* To assess plausibility, I consider the "allegations on the face of the complaint" as well as "documents that are attached to the complaint, incorporated in it by reference, integral to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020). A court may also consider "factual allegations made by a *pro se* party in his papers opposing the motion" to dismiss. *Walker*, 717 F.3d at 122 n.1; *see Walker v. City of New York*, 367 F. Supp. 3d 39, 50 (S.D.N.Y. 2019).

## DISCUSSION

Defendants' partial motion to dismiss is granted. The New York City Department of Sanitation is not a suable entity, so claims against it must be dismissed with prejudice. Any claim based on a discriminatory or retaliatory act before November 17, 2017 is time barred, so those claims must be dismissed with prejudice as well. And plaintiff has failed to adequately plead his claim that he was denied promotion in retaliation for filing a prior lawsuit or administrative charge. Accordingly, plaintiff's retaliation claim is dismissed without prejudice. Plaintiff's claim of sex discrimination based on acts on or after November 17, 2017, may proceed.

5

**I.     Plaintiff cannot state any claim against the New York City Department of Sanitation.**

Plaintiff cannot state any claim against the New York City Department of Sanitation because DSNY is not a suable entity.  Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17 § 396.  This section "has been construed to mean that New York City Departments, as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-60 (2d Cir. 2008); *Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016).  All claims against DNSY therefore must be dismissed with prejudice. *See Phillip v. Dep't of Sanitation*, No. 16-CV-2412, 2019 WL 1004588, at *5 (E.D.N.Y. Feb. 28, 2019) (dismissing claims against DSNY); *Burgis v. Dep't of Sanitation*, No. 13-CV-1011, 2014 WL 1303447, at *4-5 (S.D.N.Y. Mar. 31, 2014) (same); *Owens v. N.Y.C. Dep't of Sanitation*, 11-CV-8297, 2013 WL 150245, at *5 (S.D.N.Y. Jan. 15, 2013) (same).

**II.    Plaintiff cannot state any claim against the City of New York arising from alleged discrimination before November 17, 2017.**

Plaintiff also cannot state a claim against defendants based on discriminatory acts before November 17, 2017.  Title VII requires someone who suffers discrimination to file a charge with the Equal Employment Opportunity Commission "within one hundred and eighty days after the alleged unlawful employment occurred," or if a state has an "agency with authority to grant or seek relief from such practice," then "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).  "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

Because New York has a "local administrative mechanism[] for pursuing discrimination claims," the three-hundred-day period governs. *Vega v. Hempstead Union Free Sch. Dist.*, 801

6

F.3d 72, 78-79 (2d Cir. 2015).  For discrete discriminatory acts, then, "[t]he charge . . . must be filed within the . . . 300-day time period after the discrete discriminatory act occurred."  *Morgan*, 536 U.S. at 113.  Accordingly, "[w]here the plaintiff complains of discrete discriminatory or retaliatory acts . . . , such claims are not actionable" if they occurred more than 300 days before plaintiff filed a charge.  *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 42 (2d Cir. 2019).

Plaintiff filed a charge of sex discrimination with the New York State Division of Human Rights on September 13, 2018.  *See* Opp'n ¶ 32.  SDHR has a work-sharing agreement with the EEOC, so the EEOC can be deemed to have received this charge on the same date.  *See Ogodor v. City of New York*, No. 98-CV-5353, 2001 WL 210192, at *3 (S.D.N.Y. Feb. 26, 2001); *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019) ("If the state or local agency has a 'worksharing' agreement with the EEOC, . . . [a plaintiff] may file her charge with one agency, and that agency will then relay the charge to the other.").  Consequently, to the extent that plaintiff complains of discrete discriminatory or retaliatory acts before November 17, 2017, those claims are barred.

This 300-day limitations period bars claims based on three allegations made by plaintiff. First, the amended complaint and other filings can be read to assert that defendants discriminated against plaintiff when they failed to give him "multiple promotions since" 2016.  Opp'n ¶ 8.  To the extent that defendants passed over plaintiff for promotions before November 17, 2017, plaintiff can no longer obtain relief on allegations that those decisions reflected discriminatory acts. *See Morgan*, 536 U.S. at 114 (describing a "failure to promote" as a "[d]iscrete act[]" that starts the clock for purposes of the limitations period).  Second, plaintiff has at times alleged that defendants "designed" the computer associate civil service exam in a discriminatory fashion. *See* Compl. at 15.  Plaintiff took that exam in 2016, so he cannot assert any claim on allegations that the exam itself subjected him to any discrimination.  Third, plaintiff at times alleges that

7

defendants discriminated against him in the first ranking of employees eligible for promotion to computer associate.  *See* Compl. at 3-4.  DCAS released that list on October 25, 2017, so plaintiff cannot assert any claims on allegations that this initial ranking itself reflected discrimination.

### III. Plaintiff's complaint does not adequately plead retaliation by the City of New York.

Plaintiff's complaint also fails to adequately plead a retaliation claim.  Title VII prohibits an employer from discriminating against an employee "because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a).  To make out a *prima facie* case of retaliation, a plaintiff must ultimately demonstrate that "(1) []he was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 24 (2d Cir. 2014).  But at the motion-to-dismiss stage, "the allegations in the complaint need only give plausible support to the . . . prima facie requirements."  *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018).  To survive a motion to dismiss, the plaintiff must only "plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) because he has opposed any unlawful employment practice."  *Ibid.*

"[F]or an adverse retaliatory action to be 'because' a plaintiff made a charge, the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Vega*, 801 F.3d at 90 (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)) . This alleged "causation does not, however, require proof that retaliation was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive."  *Ibid.* (alterations omitted).  This causal connection can be alleged

8

"(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Natofsky v. City of New York*, 921 F.3d 337, 353 (2d Cir. 2019). But it must be sufficiently alleged.

Plaintiff has not adequately alleged a retaliation claim. The complaint suggests retaliation only by stating that "[p]rior to the incident where the [defendants] passed [him] over," plaintiff "had filed a complaint to the [State Division of Human Rights] regarding promotion." Compl. at 13. Plaintiff also avers that he "fears that the [defendants] will retaliate against him because of numerous complaints he filed with the [State Division of Human Rights] in the past." *Ibid.* Read liberally, those statements can be construed to allege retaliation for prior discrimination complaints. Plaintiff's opposition to the motion to dismiss illuminates the contours of this claim, clarifying that plaintiff alleges that (i) defendants did not promote plaintiff in 2017 and 2018 because plaintiff filed a race-discrimination lawsuit against them in 2011, *see* Opp'n ¶¶ 5-7; and (ii) defendants retaliated against plaintiff because he filed a charge of sex-based discrimination with the State Division of Human Rights in 2018, *see* Opp'n ¶ 32.

These claims cannot survive a motion to dismiss. Plaintiff attempts to plead a causal connection between protected conduct and an adverse employment action based on timing alone, but to do so, the complaint and the adverse action must be "very close" in time. *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam). Applying that principle, "most courts in the Second Circuit have held that a lapse of time beyond two or three months will break the causal inference." *De Figueroa v. New York*, 403 F. Supp. 3d 133, 157 (E.D.N.Y. 2019). Plaintiff has not alleged any adverse employment action close enough in time to his 2011 lawsuit to support an

9

inference of retaliation. Rather, he alleges only that defendants did not promote him at various times in 2017 and 2018—more than a year after plaintiff's lawsuit was resolved in 2016. *Cf. Shaw v. McDonald*, 715 F. App'x 60, 62 (2d Cir. 2018) (summary order) (affirming dismissal in case involving "nearly 12-month gap" between complaint and asserted retaliation); *Riddle v. Citigroup*, 640 F. App'x 77, 79 (2d Cir. 2016) (summary order) (affirming dismissal in case involving "gap of some sixteen months" between filing and asserted retaliation). Similarly, neither the complaint nor plaintiff's opposition identifies any adverse employment action sufficiently close in time to the September 2018 filing or March 2019 resolution of the SDHR charge to support an inference of retaliation. *Cf. Kalia v. City Univ. of New York*, No. 19-CV-6242, 2020 WL 6875173, at *6 (S.D.N.Y. Nov. 23, 2020) (dismissing allegations where plaintiff did not "establish precisely when any of the other alleged retaliatory actions took place after he filed the EEOC charge"); *Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 412 (S.D.N.Y. 2014) (dismissing allegations that "fail[ed] to state with even a modicum of specificity when the relevant events occurred"). And plaintiff does not allege other facts to plausibly suggest "retaliatory animus," such as "negative comments by supervisors" or "admission[s] by the decisionmaker[s] that [they] . . . made a decision by relying on an improper consideration." *Tenemille v. Town of Ramapo*, No. 18-CV-724, 2020 WL 5731964, at *12 (S.D.N.Y. Sept. 24, 2020).

Lastly, plaintiff cannot avoid dismissal of his retaliation claims by relying on belated allegations that defendants reduced his pay in response to this lawsuit. *See* Opp'n ¶¶ 49, 52 (alleging that defendants "changed [plaintiff's] work shift from daytime to overnight" on January 20, 2020, and then failed to pay him the appropriate "overtime rate"). These factual claims, raised for the first time in opposition to defendants' motion to dismiss, amount to a distinct claim of retaliation, against a different act of protected activity, through actions post-dating the filing of the

10

complaint. While subsequent filings may further develop claims contained in a *pro se* complaint, "[o]pposition to a motion to dismiss is not a proper means to assert new claims. *Williams v. Rosenblatt Sec. Inc.*, No. 14-CV-4390, 2016 WL 4120654, at *5 (S.D.N.Y. July 22, 2016); *see Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) (summary order); *Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008) (summary order).

## CONCLUSION

Defendants' partial motion to dismiss is granted. All claims against the New York City Department of Sanitation are dismissed with prejudice, and all claims against the City of New York based on alleged discriminatory or retaliatory acts before November 17, 2017 are also dismissed with prejudice. These claims are dismissed with prejudice because "further amendment of [the] complaint would be futile." *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003). Further, I dismiss without prejudice plaintiff's claims of retaliation based on acts taken on or after November 17, 2017. These claims are dismissed without prejudice because it is possible that a valid claim might be stated were additional supporting facts set out in an amended complaint. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

The Clerk of Court is directed to terminate the New York City Department of Sanitation from this action. Plaintiff has thirty days to amend his complaint addressing the defects outlined in this memorandum with respect to his claims of retaliation involving acts on or after November

17, 2017. Absent an amended complaint, litigation will continue on plaintiff's disparate treatment claims based on acts taken on or after November 17, 2017.

SO ORDERED.

                                                        /s/ Rachel Kovner
                                                        RACHEL P. KOVNER
                                                        United States District Judge

Dated:        March 5, 2021
                Brooklyn, New York