UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------ X

ANDRE K. ANTROBUS,

                            Plaintiff,

v.

CITY OF NEW YORK,

                            Defendant.

------------------------------ X

**FOURTH AMENDED COMPLAINT**

Jury Trial Demanded

19-CV-6277 (RPK) (TAM)

Plaintiff ANDRE K. ANTROBUS, appearing in this action *pro se*, hereby alleges as and for his Fourth Amended Complaint,[1] the following:

## JURISDICTION AND VENUE

1. This action is brought for Defendant's gender-based discrimination against Plaintiff, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the New York State Human Rights Law, N.Y. Executive Law § 290, *et seq.*, and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101, *et seq.*

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, and pursuant to 28 U.S.C. § 1367, because the claims asserted under state law are so related to those over which the Court has original jurisdiction that they form the same case or controversy.

---

[1] This Fourth Amended Complaint was prepared with the assistance of the City Bar Justice Center's Federal Pro Se Legal Assistance Project.

1

3. Venue is appropriate in the Eastern District of New York because a substantial part of the acts or omissions giving rise to the claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Andre K. Antrobus ("Plaintiff") currently resides at 97 Greenwood Lane, White Plains, New York 10607, in the County of Westchester.

5. The City of New York is a municipal corporation. Plaintiff is employed by Defendant.

## FACTS

6. Plaintiff has been employed by Defendant since May 2001, when he was assigned to the New York City Department of Sanitation ("DSNY") in the position of Clerical Associate Level III.

7. Plaintiff is a Black male of West Indian descent.

8. Plaintiff obtained a bachelor's degree in Computer Information Systems from Baruch College, in or about February 2001.

9. In September 2016, Plaintiff took Promotional Civil Service Exam 7508 for the position of Computer Associate (Technical Support). The exam was administered by the Department of Citywide Administrative Services ("DCAS").

10. Plaintiff received a perfect score of 100% on Promotional Civil Service Exam 7508 ("Exam 7508").

11. In or about October 2017, DCAS published a ranked list of those individuals eligible for promotion to Computer Associate within DSNY.

2

12. When the eligible list for Exam 7508 was first published, Plaintiff was ranked third. Tamara Catala was ranked first, and Eleanor Hicks was ranked second on the eligible list.

13. In or about December 2017, DCAS published a revised eligible list for Exam 7508. On this second eligible list, Vivian Chan was ranked first, Eleanor Hicks was ranked second, and Plaintiff was ranked third. Three other individuals were ranked fourth, fifth, and sixth.

14. Upon information and belief, Tamara Catala was promoted to Computer Associate before the revised eligible list was published in December 2017.

15. Vivian Chan and Eleanor Hicks were promoted to Computer Associate in 2018.

16. Plaintiff was more qualified for promotion to Computer Associate than Tamara Catala, Vivian Chan, and Eleanor Hicks, yet Plaintiff was not promoted to Computer Associate.

17. Tamara Catala, Vivian Chan, and Eleanor Hicks are all female.

18. In or about July 2018, DCAS published another eligible list which included individuals who had taken Exam 7508 and individuals who had taken another civil service exam. Plaintiff was ranked third on this eligible list but was not promoted to Computer Associate.

## FIRST CAUSE OF ACTION

19. Defendant's actions in failing to promote Plaintiff to the position of Computer Associate, while promoting less qualified female candidates, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

## SECOND CAUSE OF ACTION

20. Defendant's actions in failing to promote Plaintiff to the position of Computer Associate, while promoting less qualified female candidates, violated the New York State

Human Rights Law, N.Y. Executive Law § 290, *et seq.*

### THIRD CAUSE OF ACTION

21. Defendant's actions in failing to promote Plaintiff to the position of Computer Associate, while promoting less qualified female candidates, violated the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101, *et seq.*

### REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff asks this Court to grant to him compensatory damages, punitive damages, and injunctive relief, for Defendants' violation of the above-cited statutes, together with such other and further relief the Court deems just and proper.

Dated: November 28, 2022
Brooklyn Fed. Ct., New York

_____
Andre K. Antrobus

4