UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ANDRE K. ANTROBUS,

              Plaintiff,

    v.

CITY OF NEW YORK,

              Defendant.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-6277 (RPK) (TAM)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Andre K. Antrobus brings this action alleging that the City of New York failed to promote him due to his sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code. § 8-101 *et seq.* The City has moved for summary judgment. For the reasons set forth below, the City is granted summary judgment on plaintiff's Title VII claim, and I decline to exercise supplemental jurisdiction over plaintiff's NYSHRL and NYCHRL claims.

## BACKGROUND

The following facts are drawn from the City's Rule 56.1 statement and the parties' evidentiary filings. Although the City notified plaintiff of his obligations under Local Rule 56.1, *see* Def.'s R. 56.2 Notice (Dkt. #59), plaintiff failed to submit a counterstatement that "respond[s] to each numbered paragraph in the statement of the moving party," Local Civ. R. 56.1(b), and failed to support several of the facts set forth in plaintiff's counterstatement with "citation[s] to evidence which would be admissible," Local Civil R. 56.1(d); *see, e.g.*, Pl.'s Rule 56.1 Counterstatement ("Pl.'s Statement") ¶¶ 7–8 (Dkt. #61). As a result, the facts set forth in the City's

1

Rule 56.1 statement are deemed admitted to the extent they are supported with admissible record evidence or conceded by plaintiff in his filings. *See Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 18 (2d Cir. 2015). Portions of plaintiff's Rule 56.1 statement not supported by citations to record evidence have been disregarded.

In 2016, plaintiff applied for a promotion within the New York City Department of Sanitation ("DSNY") to the position of computer associate. Def.'s Rule 56.1 Statement ("Def.'s Statement") ¶ 6 (Dkt. #59-2).

DSNY promotes employees based on a ranked list of candidates that have passed a civil service examination for a particular position. *See id.* ¶¶ 1–3, 7. The New York City Department of Citywide Services ("DCAS") administers all civil service examinations for the City. *Id.* ¶ 1. Per City policy, DCAS creates an "[e]ligible [l]ist" that ranks each candidate based on their examination scores. *Id.* ¶¶ 2–3. In the event that candidates receive the same score, DCAS breaks the tie "by the sequence of [candidates'] social security numbers." *Id.* ¶ 4. After DCAS publishes its list, state law requires DSNY to select "one of the three persons . . . standing highest on [the] eligible list" for the promotion. N.Y. Civ. Serv. Law § 61(1); *see* Def.'s Statement ¶ 5.

In 2017, DCAS published an eligible list for the DSNY computer associate position. *See* Belfield Decl., Ex. A ("Initial Eligible List") at 5 (ECF pagination) (Dkt. #59-1). The list ranked Tamara Catala first, Eleanor Hicks second, and plaintiff third. *Ibid.* DSNY selected Ms. Catala for promotion. Defs.' Statement ¶ 10; *see* Fourth Am. Compl. ¶ 14 (Dkt. #47).

In 2018, two candidates—Vivian Chan and Kendra Ellis—filed appeals challenging their examination scores. *See* Defs.' Statement ¶ 11. DCAS granted those appeals and published an amended eligible list. *Id.* ¶ 11–12. The new list ranked Ms. Chan first, Ms. Hicks second, and plaintiff third. *Id.* ¶ 13. The list did not include Ms. Catala, as she had already been appointed to

a computer associate position. *Ibid.* From the new list, DSNY selected Ms. Chan and Ms. Hicks for promotion. *Id.* ¶ 14; *see* Fourth Am. Compl. ¶ 15.

Plaintiff filed a charge of sex-based discrimination based on failure to promote with the New York State Division of Human Rights. Def.'s Statement ¶ 17. After the State Division of Human of Rights issued a letter finding no probable cause to support plaintiff's discrimination charge, plaintiff initiated this lawsuit. *Id.* ¶¶ 19–21. I then dismissed several of plaintiff's claims. The City has now moved for summary judgment on plaintiff's remaining sex discrimination claims.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a factual dispute is material if it "might affect the outcome of the suit under the governing law." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (citation and quotation marks omitted). In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all reasonable factual inferences in favor of the non-movant. *See ibid.* A nonmoving party can survive summary judgment only if there is sufficient evidence to permit a rational trier of fact to find in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Plaintiff proceeds *pro se*. A court "is ordinarily obligated to afford a special solicitude to *pro se* litigants . . . particularly where motions for summary judgment are concerned." *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (citations and quotation marks omitted). A court must

3

"liberally construe" documents "submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

## DISCUSSION

Because plaintiff has not set forth evidence from which a reasonable jury could find that the City failed to promote him because of his sex, the City is entitled to summary judgment on plaintiff's remaining Title VII claim. And in the absence of a viable federal claim, I decline to exercise supplemental jurisdiction over plaintiff's state law claims.

### I. Plaintiff Cannot Establish a Title VII Claim.

The City is entitled to summary judgment on plaintiff's Title VII claim. Courts evaluate Title VII claims under the burden-shifting approach of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See Doe v. Columbia Univ.*, 831 F.3d 46, 59 (2d Cir. 2016) (citing *Holcomb v. Iona Coll.*, 521 F.3d 130, 143 (2d Cir. 2008)); *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 252 (1981). Under this framework, the plaintiff first must establish a *prima facie* case of discrimination by showing "(1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Holcomb*, 521 F.3d at 138. Next, the burden shifts to the defendant "to articulate 'some legitimate, non-discriminatory reason' for its action." *Ibid.* (quoting *McDonnell Douglas*, 411 U.S. at 802). If the defendant succeeds, the burden shifts back to the plaintiff. At this phase, the plaintiff "may no longer rely on the presumption raised by the *prima facie* case, but may still prevail by showing, without the benefit of the presumption, that the employer's determination was

4

in fact the result of . . . discrimination." *Ibid.* The burden of persuasion remains on the plaintiff throughout. *Burdine*, 450 U.S. at 253.

Plaintiff fails to establish a *prima facie* case because he has not adduced evidence giving rise to a plausible inference of discrimination. Plaintiff observes that the City promoted three female employees instead of him, *see* Pl.'s Statement ¶ 17, but "[a] plaintiff relying on disparate treatment evidence must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self," *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2022) (citation and quotation marks omitted). Here, the three female employees to whom plaintiff compares himself ranked higher than him on the eligible list. Defs.' Statement ¶ 13. Accordingly, plaintiff has not shown that he was similarly situated in all material respects to those individuals. *See, e.g.*, *Espinoza v. N.Y.C. Dep't of Transp.*, 304 F. Supp. 3d 374, 390 (S.D.N.Y. 2018) (holding that plaintiff was not "similarly situated" to comparators who scored higher on a civil service exam); *Manessis v. N.Y.C. Dep't of Transp.*, No. 02-CV-0359 (SAS), 2003 WL 289969, at *10 (S.D.N.Y. Feb. 10, 2003) (same). And though plaintiff contests the validity of the female employees' ranking on the eligible list, *see, e.g.*, Pl.'s Statement ¶ 5, he has not put forth any evidence suggesting that their ranking was the result of sex discrimination.

Even if plaintiff had made a *prima facie* case of sex discrimination, his claim would fail at the final step of the *McDonnell-Douglas* analysis. Defendants articulated "legitimate, non-discriminatory reason[s]," *Holcomb*, 521 F.3d at 138 (citation omitted), for failing to promote plaintiff: three candidates were ranked above him on the eligible list. *See* Defs.' Statement ¶ 13; *see also, e.g.*, *Martinez v. City of Stamford*, No. 22-CV-0702, 2023 WL 3162131, at *2 (2d Cir. May 1, 2023) (holding that defendants had articulated "legitimate nondiscriminatory reasons" for promoting candidates who scored higher than plaintiff on an exam); *Santiago v. City of New York*,

5

No. 05-CV-3668 (RRM) (VVP), 2009 WL 935720, at *8 (E.D.N.Y. Mar. 31, 2009) (same).  And plaintiff has not put forward any evidence that the City's proffered legitimate non-discriminatory reason was pretextual, or otherwise shown that the decision was in fact the result of discrimination.

In sum, plaintiff has not presented evidence from which a reasonable factfinder could conclude that the City failed to promote him under circumstances giving rise to an inference of discriminatory intent.  Nor has he presented evidence from which a reasonable factfinder could infer that the City lacked a legitimate, non-discriminatory reason for failing to promote him.  The City is therefore granted summary judgment on plaintiff's Title VII claim.

## II. I Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

Because I have dismissed all the federal claims in this action, I decline to retain jurisdiction over plaintiff's state law claims.  Under 28 U.S.C. § 1367(c)(3), "a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction."  Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity."  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018).  As a general matter, where "a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well."  *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010); *see Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013).  Plaintiff did not address supplement jurisdiction in his briefing, let alone provide a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once federal claims are dismissed.  Accordingly, I decline to exercise supplemental jurisdiction over plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, the City's motion for summary judgment on plaintiff's Title VII claim is granted.  Since plaintiff's federal claims are dismissed, the Court will not exercise supplemental jurisdiction over plaintiff's state law claims, which plaintiff may pursue in state court.  The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this order to plaintiff.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: April 29, 2024
Brooklyn, New York